1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

GARY STEVEN DANIEL,

12                    Plaintiff,

13          v.

14

CAROLYN W. COLVIN, Acting
15 Commissioner of Social Security,

16                    Defendant.

17

Case No. CV 13-7701 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

18  **I.      SUMMARY**

19        On November 1, 2013, plaintiff Gary Steven Daniel ("plaintiff") filed a

20  Complaint seeking review of the Commissioner of Social Security's denial of

21  plaintiff's application for benefits.  The parties have consented to proceed before

22  the undersigned United States Magistrate Judge.

23        This matter is before the Court on the parties' cross motions for summary

24  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25  Court has taken both motions under submission without oral argument.  See Fed.

26  R. Civ. P. 78; L.R. 7-15; November 4, 2013 Case Management Order ¶ 5.

27  ///

28  ///

1   Based on the record as a whole and the applicable law, the decision of the

2   Commissioner is REVERSED AND REMANDED for further proceedings

3   consistent with this Memorandum Opinion and Order of Remand.

4   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5   **DECISION**

6   On February 9, 2011, plaintiff filed applications for Supplemental Security

7   Income and Disability Insurance Benefits.  (Administrative Record ("AR") 16,

8   168, 173).  Plaintiff asserted that he became disabled on June 30, 2007, due to

9   depression, anxiety, carpal tunnel syndrome (right hand), allergies, femoral hernia,

10   and stress.  (AR 191).  The Administrative Law Judge ("ALJ") examined the

11   medical record and heard testimony from plaintiff and a vocational expert on

12   May 9, 2013.  (AR 36-73).

13   On May 31, 2013, the ALJ determined that plaintiff was not disabled

14   through the date of the decision.  (AR 16-24).  Specifically, the ALJ found:

15   (1) plaintiff suffered from the following severe impairments:  chronic obstructive

16   pulmonary disease (COPD)/chronic bronchitis, and possible right-sided carpal

17   tunnel syndrome (AR 18); (2) plaintiff's impairments, considered singly or in

18   combination, did not meet or medically equal a listed impairment (AR 19);

19   (3) plaintiff retained the residual functional capacity to perform light work

20   (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 20);

21   (4) plaintiff could not perform his past relevant work as a shuttle bus driver (AR

22   22); (5) there are jobs that exist in significant numbers in the national economy

23   that plaintiff could perform, specifically car rental deliverer and mobile lounge

24

25   [1]The ALJ determined that plaintiff (i) could stand/walk for no more than two hours total
26   in an eight-hour day, with no more than 30 minutes of walking at one time; (ii) could sit up to six
hours in an eight-hour day; (iii) could do less than occasional climbing of ladders, ropes, or
27   scaffolds; (iv) could do no more than occasional climbing of stairs/ramps; (v) could do no more
than frequent right-sided handling, fingering, or feeling; and (vi) needed to avoid all exposure to
28   pulmonary irritants (*i.e.*, fumes, odors, dusts, gasses) and poorly ventilated areas.  (AR 20).

1  driver (AR 22-23); and (6) plaintiff's allegations regarding his limitations were not

2  fully credible (AR 21).

3        The Appeals Council denied plaintiff's application for review.  (AR 8).

4  **III.   APPLICABLE LEGAL STANDARDS**

5        **A.     Sequential Evaluation Process**

6        To qualify for disability benefits, a claimant must show that the claimant is

7  unable "to engage in any substantial gainful activity by reason of any medically

8  determinable physical or mental impairment which can be expected to result in

9  death or which has lasted or can be expected to last for a continuous period of not

10 less than 12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

11 (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

12 impairment must render the claimant incapable of performing the work the

13 claimant previously performed and incapable of performing any other substantial

14 gainful employment that exists in the national economy.  Tackett v. Apfel, 180

15 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

16       In assessing whether a claimant is disabled, an ALJ is to follow a five-step

17 sequential evaluation process:

18       (1)    Is the claimant presently engaged in substantial gainful activity?  If

19              so, the claimant is not disabled.  If not, proceed to step two.

20       (2)    Is the claimant's alleged impairment sufficiently severe to limit

21              the claimant's ability to work?  If not, the claimant is not

22              disabled.  If so, proceed to step three.

23       (3)    Does the claimant's impairment, or combination of

24              impairments, meet or equal an impairment listed in 20 C.F.R.

25              Part 404, Subpart P, Appendix 1?  If so, the claimant is

26              disabled.  If not, proceed to step four.

27 ///

28 ///

1      (4)     Does the claimant possess the residual functional capacity to

2                  perform claimant's past relevant work?  If so, the claimant is

3                  not disabled.  If not, proceed to step five.

4      (5)     Does the claimant's residual functional capacity, when

5                  considered with the claimant's age, education, and work

6                  experience, allow the claimant to adjust to other work that

7                  exists in significant numbers in the national economy?  If so,

8                  the claimant is not disabled.  If not, the claimant is disabled.

9  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

11  1110 (same).

12      The claimant has the burden of proof at steps one through four, and the

13  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

14  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

15  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

16  proving disability).

17      **B.**    **Standard of Review**

18      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

19  benefits only if it is not supported by substantial evidence or if it is based on legal

20  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

21  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

22  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

23  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

24  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

25  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

26  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

27      To determine whether substantial evidence supports a finding, a court must

28  "'consider the record as a whole, weighing both evidence that supports and

1  evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>

2  <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d

3  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

4  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

5  of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6  **IV.    DISCUSSION**

7          Plaintiff argues, in pertinent part, that the ALJ erred at step five in

8  determining that plaintiff had past relevant work skills that would permit plaintiff

9  to adjust to a "significant range" of other work within plaintiff's residual

10  functional capacity.  (Plaintiff's Motion at 4-7).  In light of the Ninth Circuit's

11  determination (discussed below) that a "significant range" of other work means a

12  "significant number of occupations," this Court agrees.  Since the Court cannot

13  find that the ALJ's error was harmless, a remand is warranted.

14          **A.    Pertinent Law**

15          If, at step four of the sequential evaluation process, the claimant meets his

16  burden of establishing an inability to perform past work, the Commissioner must

17  show, at step five, that the claimant can perform some other work that exists in

18  "significant numbers" in the national economy (whether in the region where such

19  individual lives or in several regions of the country), taking into account the

20  claimant's residual functional capacity, age, education, and work experience.

21  <u>Tackett</u>, 180 F.3d at 1100 (citation omitted); 42 U.S.C. § 423(d)(2)(A).  The

22  Commissioner may satisfy this burden, depending upon the circumstances, by the

23  testimony of a vocational expert or by reference to the Medical-Vocational

24  Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly

25  known as "the Grids").  <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001)

26  (citing <u>Tackett</u>, 180 F.3d at 1100-01).  Where (i) a claimant suffers from both

27  exertional and nonexertional limitations; (ii) the Grids do not mandate a finding of

28  disability based solely on the claimant's exertional limitations; and (iii) the

Case 2:13-cv-07701-JC   Document 17   Filed 06/23/14   Page 6 of 10   Page ID #:437

1  claimant's non-exertional limitations are at a sufficient level of severity such that

2  the Grids are inapplicable to the particular case, the Commissioner must consult a

3  vocational expert.[2]  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see

4  Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.) (2006); Cooper v.

5  Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).  The vocational expert's testimony

6  may constitute substantial evidence of a claimant's ability to perform work which

7  exists in significant numbers in the national economy when the ALJ poses a

8  hypothetical question that accurately describes all of the limitations and

9  restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d

10  at 1101.

11      ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in

12  determining the skill level of a claimant's past work, and in evaluating whether the

13  claimant is able to perform other work in the national economy."  Terry v.

14  Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also

15  20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job

16  information); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (DOT is

17  presumptive authority on job classifications).

18      Rule 202.07 of the Grids is in issue in this case.  Where, like here, a

19  claimant is of advanced age (i.e., 55 years or older), is limited to light work, and is

20  unable to perform past relevant semi-skilled or skilled work, Rule 202.00(c)

21  (which is incorporated by reference into Rule 202.07) directs a finding of

22  "disabled" unless the claimant has "skills that are [] readily transferable to a

23  significant range of [other] semi-skilled or skilled work that is within the

24  ///

25  ///

26

27      [2]The severity of limitations at step five that would require use of a vocational expert must

28  be greater than the severity of impairments determined at step two.  Hoopai v. Astrue, 499 F.3d
1071, 1076 (9th Cir. 2007).

6

1    individual's [residual] functional capacity. . . ."[3]  20 C.F.R. Part 404, subpt. P, app.

2    2. §§ 202.07, 202.00(c) (emphasis added).  The Ninth Circuit construes the phrase

3    "significant range of . . . work" in Rule 202.00(c) to require "a significant number

4    of occupations."  Lounsburry, 468 F.3d at 1117.

5       When an ALJ determines at step five that a claimant has acquired skills at a

6    past relevant skilled or semi-skilled job that would permit plaintiff to adjust to a

7    significant range of other skilled or semiskilled work in the national economy, the

8    ALJ must include in the written decision certain findings of fact, supported by

9    substantial evidence, specifically (1) the specific transferrable "work skills" the

10    plaintiff acquired from the past relevant work; and (2) "[the] specific occupations

11    to which the acquired work skills are transferable. . . ."  Bray v. Commissioner of

12    Social Security Administration, 554 F.3d 1219, 1223 (9th Cir. 2009) (quoting SSR

13    82-41).  The ALJ must make such specific findings even where the ALJ relies on

14    the testimony of a vocational expert.  Id. at 1225 (citations omitted).

15      **B.**     **Additional Pertinent Facts**

16       At the May 9, 2013 administrative hearing, the vocational expert ("VE")

17    testified that plaintiff's past relevant work included the job of shuttle bus driver

18    (DOT § 913.663-018) – a semi-skilled occupation at the medium exertional level

19    with a specific vocational preparation ("SVP")[4] Level of 3.  (AR 62, 253).  The

20

21      [3]"Skills" are generally acquired through "experience and demonstrated proficiency with

22   work activities in particular tasks or jobs."  SSR 82-41 at *3.  In contrast, abilities acquired while
performing work in an unskilled prior job are not considered "skills" that may be "transferable"

23   for purposes of Rule 202.07.  See, e.g., id. at *1 (transferability of skills is at issue only when a
claimant's past relevant work was skilled or semiskilled); see also Terry, 903 F.2d at 1277 ("by

24   definition, unskilled work requires no skills"); SSR 82-41 at *2 ("Skills are not gained by doing

25   unskilled jobs. . . .").

26      [4]The DOT defines specific vocational preparation ("SVP") for jobs as "the amount of

27   lapsed time required by a typical worker to learn the techniques, acquire the information, and
develop the facility needed for average performance in a specific job-worker situation."  DOT,

28                                                     (continued...)

1   VE opined that while working as a shuttle bus driver, plaintiff had acquired

2   transferrable skills of "driving" and "keeping minimal records."  (AR 64-65).

3    At the hearing, the ALJ posed a hypothetical question to the VE which

4   included all limitations noted in the ALJ's residual functional capacity assessment

5   for plaintiff.  (Compare AR 20 with AR 66-67, 68).  In response, the VE testified

6   that plaintiff – or a hypothetical person with the same age, education, vocational

7   background, and residual functional capacity as plaintiff – could perform the

8   representative jobs of car rental deliverer (light, semi-skilled, SVP Level 3) (DOT

9   § 919.663-010) and mobile lounge driver (light, semi-skilled, SVP Level 3) (DOT

10  § 913.663-014), which required the unique skills acquired in plaintiff's past

11  relevant work but no additional skills.  (AR 64-68, 253).

12   Based upon the VE's testimony, the ALJ included the following pertinent

13  findings in the administrative decision:  (1) plaintiff (who was born on February 1,

14  1952) was an individual of "advanced age" (*i.e.*, 55 years old) on the alleged

15  disability onset date (*i.e.*, June 30, 2007), and plaintiff subsequently changed age

16  categories to "closely approaching retirement" (*i.e.*, age 60 or old);[5] (2) in his past

17  relevant work as a shuttle bus driver, plaintiff acquired work skills of "driving"

18  and "record-keeping"; (3) plaintiff could perform the representative occupations of

19  car rental deliverer (DOT § 919.663-010) and mobile lounge driver (DOT

20  § 913.663-014); and (4) under the framework of Rule 202.07 of the Grids, plaintiff

21  was not disabled.  (AR 22-23).

22

23

24    [4](...continued)

25  Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991).  Jobs listed in the
    DOT are assigned SVP levels ranging from 1 (the lowest level) to 9 (the highest level) depending

26  on the length of time required to learn a particular job.

27    [5]See 20 C.F.R. §§ 404.1563(e), 416.963(e) (claimant who is age 55 or older is a "[p]erson

28  of advanced age"; claimant age 60 or older is "closely approaching retirement age").

**C.    Analysis**

The ALJ's finding that plaintiff could do only two representative occupations (*i.e.*, car rental deliverer and mobile lounge driver) was insufficient to satisfy the Commissioner's burden at step five to show that there is a "significant range of [other] semi-skilled or skilled work" that plaintiff could do.  In short, two occupations[6] simply do not constitute a "significant" number for purposes of Rule 202.00(c), as construed by the Ninth Circuit.  Cf. Lounsbury, 468 F.3d at 1117 ("One occupation does not constitute a significant range of work [for purposes of Rule 202.00(c)]."); see generally Merriam-Webster Dictionary, available at http://www.merriam-webster.com/ dictionary/significant ("significant" refers to "a noticeably or measurably large amount"); cf. Martinez v. Heckler, 807 F.3d 771, 775 (9th Cir. 1987) (amended) (whether there are a significant number of jobs a claimant is able to perform with his limitations is question of fact to be determined by a judicial officer).

The Court cannot find the ALJ's error harmless.  At the hearing the VE essentially testified that there were no skilled or semi-skilled occupations other than car rental deliverer and mobile lounge driver to which plaintiff (or a hypothetical individual with the same other characteristics as plaintiff) could adjust using the skills plaintiff acquired from his past relevant work.  (AR 64-69).  Thus, on the current record and under governing Ninth Circuit law, substantial evidence does not support the ALJ's implicit finding that, for purposes of Rules

---

[6]Although during the hearing the VE identified a third occupation plaintiff could do (*i.e.*, "parking lot attendant") (AR 69), the VE testified that the parking lot attendant job was unskilled, and thus not a "transferrable skill position" (AR 66).  The Commissioner may not use an unskilled occupation as evidence of "a significant range of semi-skilled or skilled work."  See 20 C.F.R. Part 404, subpt. P, app. 2. §§ 202.00(c), 202.07; cf. Terry, 903 F.2d at 1277 ("[I]t is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to *skilled or semiskilled* work.") (emphasis added).

202.07 and 202.00(c), there was a "significant range of [other] semi-skilled or skilled work" that plaintiff could do.  In addition, defendant points to no other persuasive evidence in the record which could support the ALJ's non-disability determination at step five.  See Molina, 674 F.3d at 1115 (ALJ error generally harmless where it is "inconsequential to the ultimate nondisability determination") (citations and quotation marks omitted).

## V.   CONCLUSION[7]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   June 23, 2014

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[7]Since the matter is remanded for further administrative action, the Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision.  Nonetheless, in light of this Court's conclusion that the two identified representative occupations were insufficient to constitute a "significant range of work" under Rule 202.00(c), as defined by the Ninth Circuit, and the VE's testimony that there were no other transferrable skill positions that plaintiff could do (AR 66-69), it may be appropriate for the Commissioner on remand, simply to award benefits.

[8]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).